IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF MASSACHUSETTS,<br><br>Plaintiff,<br><br>v.<br><br>MIKE LEAVITT, Secretary of U.S. Department of Health and Human Services, in his official capacity, WADE HORN, Assistant Secretary for Children and Families, in his official capacity, and HARRY WILSON, Associate Commissioner for the Administration on Children, Youth and Families, in his official capacity,<br><br>Defendants. | CIVIL ACTION NO. 05-11000-JLT |

## SILVER RING THING'S MEMO IN SUPPORT OF UNOPPOSED MOTION TO INTERVENE ON BEHALF OF DEFENDANTS

Plaintiff has filed a lawsuit against Defendants to stop the future funding of grants to Silver Ring Thing, Inc. ("SRT"). Over the previous three years, SRT has received over one million dollars of grants from the federal government to provide abstinence-based sex education. SRT hopes to receive additional grants in the future to provide abstinence-based sex education. The Plaintiffs are directly attacking SRT, its funds, and thus its very existence. SRT has complied with all governmental regulations, and constitutional requirements, concerning the use of the government funds. None of the government funds have gone to indoctrinate students into any religious doctrine or teaching. Any religious instruction that SRT provides occurs at a separate time or location from where the government-funded instruction takes place. Yet, Plaintiff is seeking to not only stop the

funding of government grants to SRT, but to prohibit the government from issuing future grants to SRT.

SRT has a direct interest in the outcome of this litigation as Plaintiff is challenging SRT's actions, accounting systems, future funding, and constitutional right to participate in government funding programs free from discrimination. SRT's intervention is timely as it just learned about the case, and as nothing has occurred in this case other than the Complaint being filed. There have been no hearings and discovery has yet to commence. An Answer has yet to be filed. If SRT is not permitted to intervene, its interests could be severely impacted. The direct objective of Plaintiff is to shut down the funding of grants to SRT. If Plaintiff is successful, Plaintiff will lose its government grants and will not be able to receive new grants. The current Defendants do not share the same interest as SRT, and thus cannot adequately represent SRT in this case.

*All parties have consented to this Motion.*

## ARGUMENT AND AUTHORITIES

I.   **SRT Has a Right to Intervene Under Fed. R. Civ. P. 24(a)(2)**

Rule 24(a)(2) of the Federal Rules of Civil Procedure provides that a party is entitled to intervene as of right when:

> the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

SRT has a right to intervene in this case because (1) SRT's application for intervention is timely; (2) SRT has a sufficient interest in the litigation; (3) SRT's interest may be affected or impaired, as a practical matter, by the disposition of the action; and (4) SRT's interest is not

adequately represented by an existing party in the litigation. *See Walsh v. Walsh*, 221 F.3d 204 (1st Cir. 2000).

A.   **SRT's Application is Timely**

SRT's motion is timely as it just recently learned of the lawsuit, and as the lawsuit is in its infancy stage. As of the filing of this motion, only the Complaint has been filed. Discovery has not commenced. Defendants have not answered. No hearings have taken place. Intervention as of right is proper because SRT's Motion to Intervene is timely.

B.   **SRT Has Sufficient Interests in the Litigation that will be Impaired**

Under Federal Rule of Civil Procedure 24(a), an intervention applicant must "demonstrate an interest in th[e] action that is 'significantly protectable,'" *Public Service Co. of New Hampshire v. Patch,* 136 F.3d 197 (1st Cir. 1998). Where "there is a tangible threat to a legally cognizable interest," there is a "right to intervene." *Harris v. Pernsley*, 820 F.2d 592, 601 (3rd Cir. 1987). Importantly, "Rule 24 demands flexibility when dealing with the myriad situations in which claims for intervention arise." *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 972 (3d Cir. 1998). "Rigid rules . . . contravene a major premise of intervention – the protection of third parties affected by pending litigation." *Id.* at 971.

SRT has sufficient interest as it is the direct object of the Plaintiff's attack. Plaintiff is trying to stop the government grants to SRT. Plaintiff is alleging that it is SRT who has kept poor records and who has misused government funds. Plaintiff is seeking to stop future grants to SRT. This will significantly infringe on SRT's right to seek and apply for government grants in the future.

C.     **SRT's Interests Will Be Impaired by a Ruling in Their Absence**

Similarly, intervention is appropriate under Rule 24(a)(2) when proposed intervenors can show that their interest may be affected or impaired, as a practical matter, by the disposition of the action. *See Casa Marie, Inc. v. Superior Court of Puerto Rico for Dist. of Arecibo*, 988 F.2d 252 (1st Cir. 1993). Simply put, "Rule 24(a)(2) directs the courts to consider the practical consequences of the litigation in passing on an application to intervene as of right." *Harris*, 820 F.2d at 601. The *Harris* Court pointed to cases where intervention was granted because "the action will have a significant *stare decisis* effect on the applicant's rights, or where the contractual rights of the applicant may be affected by a proposed remedy." *Id*. (citations omitted). Put another way, this element is satisfied when a proposed intervenor demonstrates "a tangible threat to a legally cognizable interest" – a test SRT easily meets as demonstrated below. *Id*.

SRT's interests will be significantly impaired if Plaintiff is successful as SRT will lose future government grants. In addition, SRT's ability to seek new government funding is threatened by the remedy Plaintiff seeks. Therefore, SRT clearly has substantial interests directly related to and threatened by this litigation, meeting the requirements of Rule 24(a).

D.     **SRT's Interests are Not Adequately Represented.**

Intervention as a matter of right is appropriate when the applicant shows that his interests are not adequately represented by the existing parties. *See Casa Marie*, 988 F.2d at 267. Representation is typically considered to be inadequate for any of the following three reasons:

(1) Although the applicants' interests are similar to those of a party, they are sufficiently diverse that there is a risk that the existing party cannot or will not devote proper attention to the applicant's interest;
(2) There is collusion between the representative party and the opposing party; or
(3) The representative party has not been diligent in prosecuting the litigation.

{H:\PA\LABOR\05859\12004\A0813279.DOC}

4

*Hoots v. Commonwealth of Pennsylvania*, 672 F.2d 1133, 1135 (3rd Cir. 1982). The Supreme Court has stated that the burden of showing inadequacy "should be treated as minimal." *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972).

In this case, intervention as of right is proper because SRT's significant interests are not adequately represented by any of the existing parties. SRT's economic and constitutional interests are "sufficiently diverse" to Defendants' interest in defending its grant. Defendants are primarily concerned with defending the constitutionality of the grant in general, but not in the internal record keeping of SRT.

As Defendants are government officials, the presumption of adequacy of representation is not applicable because Defendants are not charged by law with representing SRT's interests. *See Brody by and through Sugzdinis v. Spang*, 957 F.2d 1108, 1123 (3rd Cir. 1992). ("There is a presumption that if one party is a government entity charged by law with representing the interests of the applicant for intervention, then this representation will be adequate."). Even if Defendants were diligent in defending this litigation, Defendants do not adequately represent SRT because Defendants and SRT's interests are sufficiently – in fact substantially – diverse.

## II.     SRT Should be Permitted to Intervene Under Fed. R. Civ. P. 24(b)(2)

Permissive intervention may be granted under Federal Rule of Civil Procedure 24(b)(2) when an applicant's claim or defense and the main action have a question of law or fact in common. If the Court does not grant SRT's motion to intervene as a matter of right, it should at minimum allow SRT to intervene permissively as SRT's claims to the grants share a common question of law and fact as to Plaintiff's claims. SRT claims that it is entitled to the government grants as it has fully complied with all government regulations concerning the grants, and all constitutional strictures concerning receiving federal monies. There are common questions of

law and fact concerning Plaintiff's claims and SRT's claims. Consequently, it should be permitted to intervene.

## CONCLUSION

SRT should be permitted to intervene as it has interests at stake in this litigation that will be significantly impaired if Plaintiff is successful. SRT's interests are not adequately represented by the existing parties, and should therefore be permitted to intervene. All parties consent to this Motion.

Respectfully submitted,

/s/ Robert L. Kilroy

Robert L. Kilroy, BBO #636853
Mirick, O'Connell, DeMallie & Lougee, LLP
1700 West Park Drive
Westborough, MA 01581
Ph: (508) 898-1501
Fax: (508) 898-1502

Kevin Theriot*
Kansas Bar No. 21565
Joel Oster*
Kansas Bar No. 18547
Alliance Defense Fund
15660 W. 135th St.
Olathe, Kansas 66062
Ph: (913) 829-7755
Fax: (913) 829-7780

Benjamin W. Bull+
Ariz. Bar No. 009940
Alliance Defense Fund
15333 N. Pima Rd., Ste. 165
Scottsdale Arizona 85260
Ph: (480) 444-0020
Fax: (480) 444-0028

Attorneys for the Proposed Intervenor

*Pro Hac Vice Motion Submitted
+Of Counsel not admitted in this jurisdiction

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was sent via first class U.S. Mail, postage prepaid, this 23rd day of June, 2005, upon:

SARAH WUNSCH (BBO #548757)
ACLU of Massachusetts
99 Chaucey St., Ste. 310
Boston, MA 02111
(617) 482-3170, ext. 323

JULI STERNBERG
CAROLINE MALA CORBIN
ACLU Reproductive Freedom Project
125 Broad Street, 18th Floor
New York, New York 10004
(212) 549-2633 (phone)
(212) 549-2652 (fax)

DANIEL MACH
VICTORIA JUEDS
THOMAS PULHAM
JESSICA TILLIPMAN
Jenner & Block, LLP
601 Thirteenth St., NW
Suite 1200 South
Washington, DC 20005
(202) 637-6313 (phone)
(202) 661-4917 (fax)

Attorneys for Plaintiff

MICHAEL J. SULLIVAN
U.S. Attorney
John Joseph Moakley
United States Courthouse, Suite 9200
1 Courthouse Way
Boston, MA 02210

Attorney for Defendants

_____
Robert L. Kilroy

{H:\PA\LABOR\05859\12004\A0813279.DOC}

7