UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION of MASSACHUSETTS, <br><br> Plaintiff, <br><br> v. <br><br> MIKE LEAVITT, Secretary of U.S. Department of Health and Human Services, in his official capacity; WADE HORN, Assistant Secretary for Children and Families, in his official capacity, and HARRY WILSON, Associate Commissioner, Administration on Children, Youth and Families in his official capacity, <br><br> Defendants. | Civ. A. No. 05-11000 (JLT) |

ANSWER

Defendants, by and through their undersigned counsel, hereby answer the Plaintiff's Complaint and respond to the numbered paragraphs of the Complaint as set forth below.

1.      Admit the first sentence.  Defendants lack sufficient knowledge or information necessary to admit or deny the second and third sentences of this paragraph.  The fourth and fifth sentences of this paragraph contain legal arguments and conclusions to which no answer should be required, but insofar as an answer may be required, deny.  The last sentence of this paragraph constitutes plaintiff's characterization of the relief requested, to which no answer should be required, but insofar as an answer is required, admit that plaintiff seeks injunctive relief.

2.      This paragraph contains plaintiff's characterization of its cause of action, to which no answer should be required, but insofar as an answer is required, admit that the Court has jurisdiction.

3.      This paragraph contains plaintiff's characterization of its cause of action, to which

no answer should be required, but insofar as an answer is required, admit that 28 U.S.C. §§ 2201, 2202, and Rules 57 and 65 of the Federal Rules of Civil Procedure, authorize declaratory and injunctive relief, but deny that such relief is warranted in this action.

4. This paragraph contains plaintiff's characterization of 28 U.S.C. § 2412, to which no answer should be required, but insofar as an answer may be required, admit that 28 U.S.C. § 2412 contains an authorization for an award of attorney fees to a prevailing party that meets specific requirements set forth in the EAJA.

5. Admit.

6. Defendants lack sufficient knowledge or information necessary to admit or deny the averments in this paragraph.

7. Deny the first sentence, except to admit that Harry Wilson is the Associate Commissioner, Administration on Children, Youth and Families, and is the head of the Family and Youth Services Bureau ("FYSB"), and that responsibility for administering the federal Abstinence Education Special Congressional Initiative Grants is shared among several components of ACF. Deny the second sentence. Admit the third sentence.

8. Admit the first sentence. Deny the second sentence. Admit the third sentence.

9. Admit the first sentence. Deny the second sentence. Admit the third sentence.

10. Admit.

11. Defendants lack sufficient knowledge or information necessary to admit or deny the averments in this paragraph, except to admit that Silver Ring Thing ("SRT") stated in its application for grant funds that in 2000 it was incorporated into the program of the John Guest Team and is an outreach of the John Guest Team.

12. Defendants lack sufficient knowledge or information necessary to admit or deny the averments in this paragraph.

13. This paragraph quotes a BBC documentary, to which the Court is referred for a full and complete statement of its contents.

14. This paragraph quotes an SRT newsletter, to which the Court is referred for a full and complete statement of its contents.

15. This paragraph quotes an SRT newsletter, to which the Court is referred for a full and complete statement of its contents.

16. Admit that the quoted statements in this paragraph are contained in SRT's application for federal funds.

17. Admit.

18. Defendants lack sufficient knowledge or information necessary to admit or deny the averment in this paragraph.

19. Defendants lack sufficient knowledge or information necessary to admit or deny the averments in this paragraph.

20. Defendants lack sufficient knowledge or information necessary to admit or deny the averment in this paragraph.

21. Deny, except to admit that for some of SRT's prior Three-Hour Presentations, SRT's website describes some students as having made a commitment to Christ, and admit that the website includes what it describes as photographs of past SRT events.

22. Defendants lack sufficient knowledge or information necessary to admit or deny the averments in this paragraph.

23. Admit that the quoted statements in this paragraph are contained in SRT's application for federal funds.

24. Defendants lack sufficient knowledge or information necessary to admit or deny the averment in this paragraph.

25. Defendants lack sufficient knowledge or information necessary to admit or deny the averment in this paragraph.

26. Defendants lack sufficient knowledge or information necessary to admit or deny the averment in this paragraph.

27. Defendants lack sufficient knowledge or information necessary to admit or deny the averment in this paragraph.

28. Defendants lack sufficient knowledge or information necessary to admit or deny the averments in this paragraph, except to admit that there is a short intermission in the Silver Ring Thing presentation.

29. Admit.

30. Defendants lack sufficient knowledge or information necessary to admit or deny the averments in this paragraph.

31. Defendants lack sufficient knowledge or information necessary to admit or deny the averment in this paragraph.

32. Defendants lack sufficient knowledge or information necessary to admit or deny the averment in this paragraph.

33. Deny, except to admit that those who choose to attend Mr. Pattyn's presentation do not need to switch rooms during the intermission.

34.  Defendants lack sufficient knowledge or information necessary to admit or deny the averment in this paragraph.

35.  Defendants lack sufficient knowledge or information necessary to admit or deny the averment in this paragraph.

36.  Defendants lack sufficient knowledge or information necessary to admit or deny the averment in this paragraph.

37.  Defendants lack sufficient knowledge or information necessary to admit or deny the averment in this paragraph.

38.  Defendants lack sufficient knowledge or information necessary to admit or deny the averment in this paragraph.

39.  Defendants lack sufficient knowledge or information necessary to admit or deny the averment in this paragraph.

40.  Defendants lack sufficient knowledge or information necessary to admit or deny the averments in this paragraph.

41.  Defendants lack sufficient knowledge or information necessary to admit or deny the averment in this paragraph, except to admit that those attending may purchase rings at the end of the event.

42.  Defendants lack sufficient knowledge or information necessary to admit or deny the averments in this paragraph, except to admit that rings have been made available for sale at SRT events.

43.  Deny, except to admit that some of the rings available for sale to those attending the presentation are inscribed as described in this paragraph, and aver that other rings without a

Biblical reference are also offered for sale at SRT events.

    44.    Deny.

    45.    Deny, except to admit that students who choose to purchase a ring inscribed with the religious reference are given the SRT Sexual Abstinence Study Bible.

    46.    Defendants lack sufficient knowledge or information necessary to admit or deny the averments in this paragraph, except to admit that the first page of the SRT Bible is entitled "Silver Ring Thing Covenant."

    47.    Admit that the quoted passage appears on page 1 of the SRT Bible.

    48.    Deny.

    49.    Defendants lack sufficient knowledge or information necessary to admit or deny the averment in this paragraph.

    50.    Defendants lack sufficient knowledge or information necessary to admit or deny the averments in this paragraph, except to admit that SRT stated it is application for grant funds that it had a 12-step followup program.

    51.    This paragraph quotes a portion of SRT's website, to which the Court is referred for a full and complete statement of its contents.

    52.    Defendants lack sufficient knowledge or information necessary to admit or deny the averment in this paragraph.  SRT also describes a 10-Step Follow-up program on its website, to which the Court is referred for a full and complete statement of its contents.

    53.    Deny.

    54.    Deny.

    55.    Defendants lack sufficient knowledge or information necessary to admit or deny

the averments in this paragraph.

56.   This paragraph quotes portions of the SRT Study Bible, to which the Court is referred for a full and complete statement of its contents.

57.   This paragraph quotes a portion of SRT's website, to which the Court is referred for a full and complete statement of its contents.

58.   Defendants lack sufficient knowledge or information necessary to admit or deny the averment in this paragraph.

59.   Defendants lack sufficient knowledge or information necessary to admit or deny the first sentence in this paragraph.  Subparagraphs (a) and (b) purport to quote emails, to which the Court is referred for a full and complete statement of their content.  Defendants lack sufficient knowledge or information necessary to admit or deny subparagraph (c).

60.   This paragraph characterizes the content of SRT's website, to which the Court is referred for a full and complete statement of its contents.

61.   This paragraph, including subparagraphs (a) and (b), quote portions of SRT's website, to which the Court is referred for a full and complete statement of its contents. Defendants lack sufficient knowledge or information necessary to admit or deny subparagraph (c) of this paragraph.

62.   This paragraph, including subparagraphs (a) and (b), quote SRT newsletters, to which the Court is referred for a full and complete statement of its contents.  Defendants lack sufficient knowledge or information necessary to admit or deny subparagraph (c) of this paragraph.

63.   Admit.

64. Admit with respect to the Health Resources and Services Administration guidance for 2003 and 2004.

65. Admit the first sentence. Deny the remainder of the paragraph.

66. Admit, except to note that Public Law 108-199 is 118 Stat. 3 (not 39) and that the time period for the grants under Public Law 108-477 is April 1, 2005 to March 31, 2006.

67. Defendants lack sufficient knowledge or information necessary to admit or deny the averments in this paragraph.

68. Admit that SRT's 2003 application contains the information referred to in the first sentence and that SRT has stated to the Department of Health and Human Services ("HHS") that it spent federal grant funds on salaries and benefits. Admit that SRT's 2004 application contains the information referred to in the second sentence and that SRT has stated to HHS that it spent federal grant funds on salaries and benefits.

69. Defendants lack sufficient knowledge or information necessary to admit or deny all the averments in this paragraph, except to admit that SRT's 2004 application contains the information described in this paragraph and that SRT has stated to HHS that it spent federal grant funds on salaries, benefits, high-tech systems, office space, work stations, vehicles, travel, and training.

70. Admit as to the grants previously awarded by HHS to SRT at issue in this case.

71. Defendants lack sufficient knowledge or information necessary to admit or deny the averment in this paragraph.

72. Deny.

73. Defendants lack sufficient knowledge or information necessary to admit or deny

the averment in this paragraph.

74. Deny.

75. Defendants incorporate by reference their responses to paragraphs 1-74.

76. The Court is referred to the First Amendment of the Constitution, which states in part: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof[.]"

77. Deny.

WHEREFORE, having Answered the Plaintiff's Complaint, Defendants deny that the Plaintiff is entitled to the relief requested and pray that this action be dismissed, that judgment be entered in favor of Defendants, and that the Court grant Defendants such other and further relief as may be appropriate.

Respectfully Submitted,

PETER D. KEISLER
Assistant Attorney General

MICHAEL J. SULLIVAN
United States Attorney

SHEILA M. LIEBER
Deputy Branch Director

  /s/ Anthony J. Coppolino
ANTHONY J. COPPOLINO
(D.C. Bar No. 417323)
Special Litigation Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W. Room 6102
Washington, D.C.  20530
Tel.: (202) 514-4782
Fax: (202) 616-8460 or 8470

Dated: July 15, 2005         Email:  tony.coppolino@usdoj.gov

CERTIFICATE OF SERVICE

       I hereby certify that on July 15, 2005, the foregoing Answer was filed electronically and served by means of the Court's ECF email notice system.  If otherwise necessary until counsel have registered with the ECF system, the foregoing will also be served by first-class mail, postage pre-paid, on:

SARAH WUNSCH
ACLU of Massachusetts
99 Chauncy St., Suite 310
Boston, MA 02111
(617) 482-3170, ext. 323

JULIE STERNBERG
CAROLINE MALA CORBIN
ACLU Reproductive Freedom Project
125 Broad Street, 18th Floor
New York, New York 10004
(212) 549-2633 (phone)
(212) 549-2652 (fax)

DANIEL MACH
VICTORIA JUEDS
THOMAS PULHAM
JESSICA TILLIPMAN
Jenner & Block LLP
601 Thirteenth St., NW
Suite 1200 South
Washington, DC 20005
(202) 637-6313 (phone)
(202) 661-4917 (fax)

Counsel for the Plaintiff

ROBERT L. KILROY
Mirick, O'Connell, DeMallie & Lougee, LLP
1700 West Park Drive
Westborough, MA 01581
(508) 898-1501 (phone)
(508) 898-1502 (fax)

KEVIN THERIOT
JOEL OSTER
Alliance Defense Fund
15660 W. 135th Street
Olathe, Kansas 66062
(913) 829-7755 (phone)
(913) 829-7780 (fax)

BENJAMIN W. BULL
Alliance Defense Fund
15333 N. Pima Road, Suite 165
Scottsdale, Arizona 85260
(408) 444-0020 (phone)
(408) 444-0028 (fax)

Counsel for the Proposed Intervenors


          /s/ Anthony J. Coppolino
         ANTHONY J. COPPOLINO