IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF MASSACHUSETTS, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:05-cv-11000-JLT ) |
| MIKE LEAVITT, Secretary of U.S. Department of Health and Human Services, in his official capacity, WADE HORN, Assistant Secretary for Children and Families, in his official capacity, and HARRY WILSON, Associate Commissioner for the Administration on Children, Youth and Families in his official capacity, | ) ) ) ) ) ) ) ) ) ) |
| Defendants, | ) ) ) |
| and | ) ) |
| SILVER RING THING, INC., | ) ) |
| Defendant Intervenor, | ) ) |

## ANSWER

COMES NOW the Defendant Intervenor Silver Ring Thing, Inc. ("SRT"), and hereby answers the Plaintiff's Complaint and responds to the numbered paragraphs of the Complaint as set forth below:

1.  Admit the first sentence. SRT denies the second and third sentences of this paragraph. The fourth and fifth sentences of this paragraph

contain legal arguments and conclusions to which no answer should be required, but insofar as an answer may be required, deny. The last sentence of this paragraph constitutes plaintiff's characterization of the relief requested, to which no answer should be required, but insofar as an answer is required, admit that plaintiff seeks injunctive relief.

  2. This paragraph contains plaintiff's characterization of its cause of action, to which no answer should be required, but insofar as an answer is required, admit that the Court has jurisdiction.

  3. This paragraph contains plaintiff's characterization of its cause of action, to which no answer should be required, but insofar as an answer is required, admit that 28 U.S.C. sec. 2201, 2202 and Rules 57 and 65 of the Federal Rules of Civil Procedure, authorize declaratory and injunctive relief, but deny that such relief is warranted in this action.

  4. This paragraph contains plaintiff's characterization of 28 U.S.C. sec. 2412, to which no answer should be required, but insofar as an answer may be required, admit that 28 U.S.C. sec. 2812 contains an authorization for an award of attorney fees to a prevailing party that meets specific requirements set forth in the EAJA.

  5. Deny.

6. Defendants lack sufficient knowledge or information necessary to admit or deny the averments in this paragraph.

7. Deny the first sentence, except to admit that Harry Wilson is the Associate Commissioner, Administration on Children, Youth and Families, and is the head of the Family and Youth Services Bureau ("FYSB"), and that responsibility for administering the federal Abstinence Education Special Congressional Initiative Grants is shared among several components of ACF. Deny the second sentence. Admit the third sentence.

8. Admit the first sentence. Deny the second sentence. Admit the third sentence.

9. Admit the first sentence. Deny the second sentence. Admit the third sentence.

10. Admit

11. Deny.

12. SRT denies that the 2001 IRS filings purport to describe what SRT is today. As to the remaining allegations in paragraph 12, the documents cited therein speak for themselves.

13. This paragraph quotes a BBC documentary, to which the Court is referred for a full and complete statement of its contents.

14. This paragraph quotes an SRT newsletter, to which the Court is referred for a full and complete statement of its contents.

15. This paragraph quotes an SRT newsletter, to which the Court is referred to a full and complete statement of its contents.

16. Admit that the quoted statements in this paragraph are contained in SRT's application for federal funds.

17. Admit.

18. Deny.

19. Deny.

20. Deny, except to admit that for some of SRT's prior Three-Hour Presentations, SRT's described some students as having made a commitment to Christ.

21. Deny, except to admit that for some of SRT's prior Three-Hour Presentations, SRT's described some students as having made a commitment to Christ, and admit that the website included photographs of past SRT events.

22. Deny due to vagueness and ambiguity. SRT does admit that the statements contained in the quoted portions of paragraph 22 are consistent with what SRT could have said.

23. Admit that the quoted statements in this paragraph are contained in SRT's application for federal funds.

24. Deny.

25. Deny.

26. Deny.

27. Deny.

28. Deny, except to admit that there is an intermission in the Silver Ring Thing presentation.

29. Deny.

30. Deny.

31. Deny.

32. Deny.

33. Deny, except to admit that those who choose to attend Mr. Pattyn's presentation do not need to switch rooms during the intermission.

34. Deny.

35. Deny.

36. Deny.

37. Deny.

38. Admit.

39. Admit.

40. Deny.

41. Deny.

42. Admit.

43. Deny, except to admit that some of the rings available for sale to those attending the presentation are inscribed as described in this paragraph, but that other rings without a Biblical reference are also offered for sale at SRT events.

44. Deny.

45. Deny, except to admit that students who choose to purchase a ring inscribed with the religious reference are given the SRT Sexual Abstinence Study Bible.

46. Deny.

47. Admit that the quoted passage appears on page 1 of the SRT Bible.

48. Deny.

49. Deny.

50. Deny.

51. Admit.

52. Deny.

53. Deny.

54. Deny.

55. Deny.

56. This paragraph quotes portions of the SRT Study Bible, to which the Court is referred for a full and complete statement of its contents.

57. This paragraph quotes a portion of SRT's website, to which the Court is referred for a full and complete statement of its contents.4122603601

58. Deny.

59. Deny.

60. This paragraph characterizes the content of SRT's website, to which the Court is referred for a full and complete statement of its contents.

61. This paragraph, including subparagraphs (a), (b) and (c), quote portions of SRT's website, to which the Court is referred for a full and complete statement of its contents.

62. Deny.

63. Admit.

64. Admit with respect to the Health Resources and Services Administration guidance for 2003 and 2004.

65. Admit the first sentence. Deny the remainder of the paragraph.

66. Admit.

67. Deny, except SRT does admit that federal funds were used to support secular abstinence programming.

7

68. Deny any inference that statements in paragraph 68 are an example of funds spent for religious programming. Admit that SRT's 2003 and 2004 applications contain the information referred to and that SRT has spent federal grant funds on salaries and benefits.

69. SRT admits that its 2004 application contains the information described in this paragraph and that SRT has spent federal grant funds on salaries, benefits, high-tech systems, office space, work stations, vehicles, travel, and training.

70. Admit as to the grants previously awarded by HHS to SRT at issue in this case.

71. Defendants lack sufficient knowledge or information necessary to admit or deny the averment in this paragraph.

72. Deny.

73. Deny.

74. Deny.

75. SRT incorporates by reference its responses to paragraphs 1-74.

76. The Court is referred to the First Amendment of the Constitution, which states in part: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof[.]"

77. Deny.

WHEREFORE, having answered the Plaintiff's Complaint, SRT denies that the Plaintiff is entitled to the relief requested and prays that this action be dismissed, that judgment be entered in favor of all Defendants, and that the Court grant all Defendants such other and further relief as may be appropriate.

        Respectfully Submitted,

        /s/ Joel Oster
        Robert L. Kilroy,
        BBO #636853
        Mirick, O'Connell,
        DeMallie & Lougee, LLP
        1700 West Park Drive
        Westborough, MA 01581
        Ph: (508) 898-1501
        Fax: (508) 898-1502

        Kevin Theriot
        Kansas Bar No. 21565
        Joel Oster
        Kansas Bar No. 18547
        Alliance Defense Fund
        15660 W. 135th St.
        Olathe, Kansas 66062
        Ph: (913) 829-7755
        Fax: (913) 829-7780

        Benjamin W. Bull+
        Arizona Bar No.009940
        Alliance Defense Fund
        15333 N. Pima Rd., Ste. 165
        Scottsdale, Arizona 85260
        Ph:  (480) 444-0020
        Fax:  (480) 444-0028

        Attorneys for the Intervenor

+Of Counsel not admitted in this jurisdiction

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was electronically filed, this 6th day of September, 2005, upon:

SARAH WUNSCH (BBO #548757)
ACLU of Massachusetts
99 Chaucey St., Ste. 310
Boston, MA 02111
(617) 482-3170, ext. 323

Attorney for Plaintiff

ANTHONY J. COPPOLINO
(D.C. Bar No. 417323)
Special Litigation Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW, Room 6102
Washington, D.C. 20530
Tel: (202) 514-4782
Fax: (202) 616-8460 or 8470

Attorney for Defendants

The undersigned certifies that a copy of the foregoing was sent via first class U.S. Mail, postage prepaid, this 6th day of September, 2005, upon:

JULI STERNBERG
CAROLINE MALA CORBIN
ACLU Reproductive Freedom Project
125 Broad Street, 18th Floor
New York, New York 10004
(212) 549-2633 (phone)
(212) 549-2652 (fax)

DANIEL MACH
VICTORIA JUEDS
THOMAS PULHAM
JESSICA TILLIPMAN

Jenner & Block, LLP
601 Thirteenth St., NW
Suite 1200 South
Washington, DC 20005
(202) 637-6313 (phone)
(202)661-4917 (fax)

Attorneys for Plaintiff

PETER D. KEISLER
Assistant Attorney General
MICHAEL J. SULLIVAN
United States Attorney
SHEILA M. LIEBER
Deputy Branch Director
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW, Room 6102
Washington, D.C. 20530
Tel: (202) 514-4782
Fax: (202) 616-8460 or 8470

Attorneys for Defendants


/s/ Joel L. Oster
Joel L. Oster